IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**

v.   No. 4:22-CR-00205-01-JM
     4:25-CV-00810-JM

**VERLYNIN BUCKLEY**

## ORDER

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 44) is DENIED.

**I.    BACKGROUND**

On December 15, 2022, Defendant pleaded guilty to being a felon in possession of a firearm.[1]  On June 7, 2024, he was sentenced to 180 months in prison.[2]  The Court of Appeals for the Eighth Circuit affirmed on July 29, 2025.[3]

On August 11, 2025, Defendant filed the pending § 2255 motion, asserting ineffective assistance of counsel.

**II.   DISCUSSION**

To prevail on a claim of ineffective assistance of counsel, Defendant must first show that his lawyer's performance fell below an objective standard of reasonableness.[4]  He must identify

---

[1] Doc. Nos. 22, 23.

[2] Doc. Nos. 31, 32.

[3] Doc. No. 42.

[4] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[5]

Then, the Court must determine whether, considering all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[6] A defendant faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[7]

If a defendant establishes deficient performance by counsel, he still must establish prejudice.[8] This requires a defendant to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[9]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Defendant fails to establish either part of this test, the Court need not consider the remaining part of the test.[10]

Defendant asserts ineffective assistance of counsel because his lawyer did not ask for his sentence to run concurrently with his pending state charges and did not object to prior convictions being counted as predicate offenses under the Armed Career Criminal Act.[11]

Regarding concurrent sentences, Defendant cannot establish prejudice. The underlying federal conviction and pending (at the time) state court charge were unrelated,[12] and the Court

---

[5] *Id.* at 690.

[6] *Id.*

[7] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[8] *Strickland*, 466 U.S. at 694.

[9] *Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome.").

[10] *Stephen v. Smith*, 963 F.3d 795, 800 (8th Cir. 2020).

[11] Doc. No. 44.

had discretion on how to run the federal and state sentences.[13] Even if Defendant's counsel had requested a concurrent sentence, "the mere possibility of receiving a concurrent sentence does not demonstrate prejudice."[14] Accordingly, this claim fails.

For his second claim, Defendant asserts that his lawyer failed to sufficiently argue that his prior residential burglary and drug convictions were not predicate offense under the Armed Career Criminal Act. First, residential burglary is a predicate offense,[15] and the issue was discussed at sentencing. A lawyer's failure to raise frivolous arguments does not support an ineffective assistance claim.[16] Second, Defendant's lawyer argued to this Court and the Eighth Circuit that Defendant's prior Arkansas drug convictions were not serious drug offenses under

---

[12] Defendant's federal conviction was for being a felon in possession of a firearm on December 28, 2020. Doc. No. 22. According to the PSR, Defendant has several pending state cases at the time he was sentenced in this case. Based on a comment in his motion – "after sentencing I was sentenced to 8 years state" – he is referring to his eventual conviction for Impairing the Operation of a Vital Public Facility, which occurred on May 21, 2021 while he was housed at the Lincoln County Jail. *State of Arkansas v. Buckley*, No. 40CR-21-69 (Lincoln County Cir. Ct).

[13] *See* U.S.S.G. § 5G1.3(c); 18 U.S.C. § 3584.

[14] *United States v. Hopkins*, 568 F. App'x 143, 148 (3d Cir. 2014) (cleaned up) (affirming dismissal of ineffective assistance claim where counsel failed to ask for federal sentence and yet-to-be-imposed state sentence be concurrent because there was no "'reasonable probability' that the District Court would have imposed a concurrent sentence even if counsel had asked"); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996) (holding that "only the *possibility* existed he would receive a concurrent sentence . . . A mere possibility of prejudice does not qualify as *actual* prejudice.") (emphasis in original); *Mound v. United States*, No. 4:17-CV-04089-KES, 2017 WL 6761927, at *9 (D.S.D. Dec. 13, 2017), report and recommendation adopted, No. 4:17-CV-04089-KES, 2018 WL 262830 (D.S.D. Jan. 2, 2018) (rejecting ineffective assistance claim when the defendant "provided nothing but speculation that, had his counsel specifically requested concurrent sentences, the district court would have imposed his federal sentence to run concurrently with his yet-to-be imposed state sentence."); *Bennett v. United States*, No. 1:22-CV-00025-SNLJ, 2024 WL 4869232, at *4 (E.D. Mo. Nov. 22, 2024) (same).

[15] *United States v. Sims*, 933 F.3d 1009, 1014-15 (8th Cir. 2019) (a conviction under the Arkansas residential burglary statute is a violent felony under the ACCA).

[16] *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curium) (holding that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance").

3

the ACCA. The fact that this argument was ultimately unsuccessful[17] does not support a finding of ineffective assistance.

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 44) is DENIED.

IT IS SO ORDERED this 18th day of August, 2025.

_____
UNITED STATES DISTRICT JUDGE

---

[17] Doc. Nos. 39, 42.